Craig Logsdon (#020223)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ  85004-2202
Telephone: (602) 382-6000
clogsdon@swlaw.com
asheridan@swlaw.com

Attorneys for Defendant Harbor Freight Tools, USA, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daryl Scheifla, Individually. <br><br> Plaintiff, <br><br> v. <br><br> Harbor Freight Tools USA, Inc., a domestic limited liability company, John Does I-X and Jane Does I-X, individually and/or as husband and wife; Black Corporations I-X and White Limited Partnerships I-X, <br><br> Defendants. | No. 2:17-cv-00178-ESW <br><br> **ANSWER** |

For its Answer to Plaintiff's Complaint, Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") admits, denies, and alleges as follows:

**I.**

Harbor Freight is without knowledge or information sufficient to form a belief concerning the residence, status, conduct, or liability of parties other than Harbor Freight, and therefore denies the same.

**II.**

Harbor Freight is a corporation organized under the laws of the State of Delaware, with its principal place of business in California, and therefore a resident of each of those states.  Plaintiff is a resident of the State of Arizona.  Therefore, this Court has diversity jurisdiction over the parties.  Harbor Freight admits jurisdiction and venue are proper in this Court.

**III.**

Harbor Freight admits that it operates a store located in Apache Junction, Arizona.

**IV.**

Harbor Freight admits that an incident occurred involving Plaintiff in its Apache Junction store, but is still investigating the facts of that incident so is without sufficient information to admit or deny anything further and therefore denies same.

**V.**

Harbor Freight denies that it engaged in any negligent conduct, or that any conduct by it or its employees caused or contributed to Plaintiff's injuries and damages.

**VI.**

Harbor Freight is without knowledge or information sufficient to form a belief concerning the injuries and damages alleged in the Complaint, but denies that Harbor Freight caused or is responsible for the alleged injuries and damages.

**VII.**

The narrative portions of the Complaint should be stricken for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Harbor Freight is not required to respond further to each individual paragraph.

**VIII.**

Harbor Freight denies each and every allegation of Plaintiffs' Complaint not expressly admitted or otherwise pleaded to.

**SEPARATE, ALTERNATIVE, AND AFFIRMATIVE DEFENSES**

1. The injuries and damages claimed by Plaintiff may not have been caused by Defendant, but rather have resulted from preceding, superseding and/or intervening causes over which Defendant had no control.

2. Defendant alleges that some or all of the damages, if any, sustained or incurred by the Plaintiff may be the result of, and were caused solely and proximately by, the act, fault, conduct or negligence of persons or entities other than the Defendant, including but not limited to, the Plaintiff through his own negligence, fault, act or conduct

which was of a character as not reasonably to be expected to happen in the natural sequence of events; and such negligence, fault, act or conduct was the independent, intervening, and superseding cause, and therefore, the sole proximate cause of any such damages, thus relieving the Defendant of any liability.

3. Defendant alleges that Plaintiff's alleged injuries and damages, if any, may have been caused, in whole or in part, by the conduct of others for whom Defendant is not responsible and Defendant's liability, if any, should be limited to its own fault. Consequently, pursuant to A.R.S. §§ 12-2503 and 12-2506, the relative degree of fault of all parties and nonparties must be determined and apportioned as a whole or at one time by the trier of fact.

4. Defendant alleges that the Plaintiff may have failed to mitigate his damages.

5. Defendant alleges that, to the extent Plaintiff's alleged injuries and damages were caused directly, solely, and proximately by sensitivities, medical conditions, and idiosyncrasies peculiar to Plaintiff not found in the general public, they were unknown, unknowable, or not reasonably foreseeable to Defendant.

6. Defendant alleges that Plaintiff's claims may be barred, in whole or in part, by the doctrines of assumption of risk, unclean hands, waiver, estoppel, and/or laches.

7. Defendant expressly preserves and does not knowingly or intentionally waive any of the other affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

DATED this 26th day of January, 2017.

SNELL & WILMER L.L.P.

By  s/Amanda C. Sheridan
Craig Logsdon
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ  85004-2202

Attorneys for Defendant Harbor Freight Tools USA, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Amanda C. Sheridan

25634468.1